UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CURTIS T. KING,

                                Petitioner,         DECISION AND ORDER

-vs-

                                                  18-CV-6195 (CJS)

PEOPLE OF THE STATE OF NEW YORK,

                                Respondent.

_____

      In 2013, Petitioner Curtis T. King was convicted by plea in the Monroe County (New York) Court of criminal sexual act in the first degree, in violation of New York Penal Law § 130.50(4). The trial court sentenced him to a determinate term of ten years' imprisonment and fifteen years' supervised release. King now applies to this Court for habeas relief pursuant to 28 U.S.C. § 2254, arguing that the trial court erred in granting the prosecution's motion for a buccal swab, that he is innocent, and that his sentence was harsh and excessive. For the reasons set forth below, King's application [ECF No. 1] is denied.

## BACKGROUND

      On May 16, 2012, the Monroe County (New York) Grand Jury charged King with one count of predatory sexual assault against a child. State Tr., 4:6–9,[1] Jul. 25, 2018, ECF No. 9-2. In August of that year, the prosecution moved to collect an oral DNA swab ("buccal swab") from King to compare with DNA collected from clothing of the victim. State Record ("SR"), 70,[2] Jul. 25, 2018, ECF No. 9-1. King, through counsel, objected to the collection of the buccal swab on

---

[1] The page numbers identified for the "State Transcript," ECF No. 9-2, in this matter are the consecutive page numbers assigned to the electronic filing by the Court's "Case Management / Electronic Case Files" ("ECF") system.

[2] The page numbers identified in the State Record ("SR"), ECF No. 9-1, will refer to the bates numbers inserted on the documents by Respondents prior to filing.

1

the grounds that "the prosecution's moving papers rely on statements of an unsworn 6-year old." SR at 82. King argued that the prosecution's "papers fail to establish probable cause to believe that [King] committed the crime or a clear indication that relevant material evidence [would] be found." *Id.* After considering the matter in light of the factors set forth in *Matter of Abe A.*, 437 N.E.2d 265 (N.Y. 1982), the trial court ordered that the buccal swab be taken. State Tr. at 15: 15–22.

In October 2012, the prosecution informed the trial court that in return for a guilty plea, they would reduce the charge to criminal sexual act in the first degree, a class "B" felony, with a sentence promise of ten years of imprisonment followed by fifteen years of post-release supervision. State Tr. 22:22–23:12. The Court then proceeded to a plea colloquy.

After verifying King's competency to plead, and his satisfaction with defense counsel, the trial court proceeded as follows:

> THE COURT: All right. Mr. King, at this time I'm going to ask [the prosecution] to basically describe for me on the record what the proof would have been in the event we had a trial. I need you to listen closely because when she's finished I'm going to ask you three things; one, whether or not you heard her; two, whether or not you understood her; and, three, whether or not what she said is accurate and true. Most importantly, whether you engaged in the acts as she described them, Okay?
>
> [KING]: Yes, sir.
>
> * * *
>
> [PROSECUTOR]: . . . . Judge, if this matter did proceed to trial we would prove beyond a reasonable doubt that on or about March 27th of this year, 2012, in the city of Rochester, in the county of Monroe, specifically at [exact location redacted] . . . the defendant, Curtis King, did have contact with a minor child . . . .
>
> Judge, we would also establish that the contact included anal sexual conduct, specifically that this defendant did place his penis on the anus of the six-year-old [child] . . . . At that time, March 27th of 2012, Mr. King was over the age of 18 years old . . . .

> THE COURT: All right. Mr. King, did you hear all of the statements made by the prosecutor?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you understand them?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Were they true and accurate?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you engage in the conduct as the prosecutor described it?
>
> THE DEFENDANT: Yes, sir.

State Tr. at 33:5–34:25. King then pled guilty to one count of criminal sexual act in the first degree, and the Court accepted his plea. State Tr. at 35:21–23.

In February 2013, King – with new counsel – made an application to the trial court to withdraw his plea. SR at 84–90. On March 20, 2013, however, King appeared before the trial court with counsel, withdrew his motion to withdraw his plea, and was sentenced to the promised sentence of a determinate term of ten years of imprisonment and fifteen years of supervised release. State Tr. at 59:1–12.

King appealed his conviction and sentence, arguing that the trial court erred in granting an order to obtain a buccal swab from King, and that the sentence was harsh and excessive. SR at 120. Respondent conceded that King did not waive his right to appeal at his plea hearing, and opposed the appeal on the merits. SR at 133, 139. The appellate division ruled that King's "challenge to [the trial court's] order compelling him to provide a buccal swab for DNA analysis [was] forfeited by his guilty plea." SR at 146. The appellate division also found that the sentence was "not unduly harsh or severe." SR at 146. Leave to appeal to the New York Court of Appeals was denied in January 2018. SR at 156.

King is now before this Court seeking habeas relief, reciting the same grounds that he argued on appeal: (1) that the trial court erred in granting an order compelling King to provide a buccal swab for DNA testing, (2) that he was actually innocent, and (3) that his sentence was unduly harsh and excessive.[3]

## LEGAL STANDARD

King makes his habeas corpus application pursuant to 28 U.S.C. § 2254. The general legal principles applicable to such a claim are well-settled. Federal courts are obliged to give deference to state courts' decisions. *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (citing The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214). "First, the exhaustion requirement ensures that state prisoners present their constitutional claims to the state courts in the first instance." *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014). "Should the state court reject a federal claim on procedural grounds, the procedural default doctrine bars further federal review of the claim, subject to certain well-established exceptions." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 82–84 (1977)). For claims adjudicated on the merits in state court, a federal court may issue a writ of habeas corpus only when the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." *Chrysler*, 806 F.3d at 117 (quoting 28 U.S.C. § 2254(d)(1)).

## DISCUSSION

Because King is proceeding on this petition *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*,

---

[3] King also argues that he did not waive his appeal rights. That argument was already conceded by Respondent during King's direct appeal, and none of King's attempts at direct appeal were hindered in any way by any claims of waiver. The Court therefore acknowledges that King did not waive his appeal rights when he plead guilty.

4

14 F.3d 787, 790 (2d Cir. 1994). For instance, the Court construes a letter received from King in September 2018 as a supplemental memorandum in support of his petition. Letter, Sept. 10, 2018, ECF No. 12. In addition, the Court construes a letter received from King in March 2019 as arguing that he is actually innocent of the crime. Letter (2), Mar. 6, 2019, ECF No. 13. Nevertheless, after a review of the papers of both parties, and the transcripts and records of the state court proceedings, in accordance with Rule 8 of the Rules Governing Section 2254 Cases, the Court finds that an evidentiary hearing is not necessary to address King's arguments. *See also* 28 U.S.C. § 2254(e)(2).

<u>King's claim with respect to the state trial court's issuance of the order to collect a buccal swab from King prior to trial is barred by the "independent and adequate procedural bar."</u>

King maintains that the trial court erred when it compelled him to submit to the collection of two buccal swabs because the prosecution's "moving papers were insufficient to establish probable cause." Letter at 1. King also maintains that he is actually innocent of the charges against him. Letter (2) at 1. Respondent argues, however, that King's challenge is procedurally barred from habeas review because it was forfeited when he pled guilty. Further, Respondent argues that even if King's guilty plea did not preclude review of his challenge, his claim would be barred because "[t]he law is well-settled that where, as here, the State has provided an opportunity to fully and fairly litigate Fourth Amendment claims, federal habeas relief is not available for a claim that evidence had been recovered through an illegal search or seizure." Resp., 7, Jul. 25, 2018, ECF No. 8.  The Court agrees with Respondent that King's claim is procedurally barred.

*The "Adequate and Independent Procedural Grounds" Bar*

The Supreme Court has held that claims underlying a habeas petition may be procedurally barred from habeas review if they were decided at the state level on adequate and

5

independent procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–33 (1991). In a case where a state court decision rests on an independent state law ground adequate to support the judgment, federal habeas courts defer to the "state's interest in enforcing its laws." *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999) (quoting *Coleman*, 501 U.S. at 730–31). A ruling on an independent state law ground is adequate to support a judgment where the ruling is "firmly established and regularly followed" by the state courts. *Garcia*, 188 F.3d at 77 (quoting *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991)).

Here, the state appellate division held that the "order compelling [King] to provide a buccal swab for DNA analysis is forfeited by his guilty plea." *People v. King*, 155 A.D.3d 1574 (N.Y. App. Div. 2017). This application of the forfeiture rule was consistent with the rule's application in other, similar circumstances by state courts in New York. In *People v. Hansen*, the New York Court of Appeals ruled that "[a] guilty plea will . . . encompass a waiver of specific rights attached to trial, such as the right to a trial by jury and to confrontation, and it will also effect a forfeiture of the right to revive certain claims made prior to the plea." *People v. Hansen*, 738 N.E.2d 773, 776 (N.Y. 2000). *See also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Courts in the New York Appellate Division have consistently read *Hansen* to require forfeiture of the right to challenge the pre-trial collection of DNA samples. *See, e.g., People v. Palmer*, No. 110931, 2022 WL 2500310, at *1 (N.Y. App. Div. July 7, 2022) (Third Department); *People v. Smith*, 138 A.D.3d 1415, 1416 (N.Y. App. Div. 2016) (Fourth Department).

In addition, King intelligently, voluntarily and knowingly pled guilty to the crime for which he was convicted. After discussing the terms of the plea offer with the prosecution and defense counsel, the state trial court directly engaged King about his age, level of education, satisfaction with representation by counsel, understanding of the evidence against him, and terms of the plea offer. The trial court advised King of the sentence it would be bound to impose following his guilty plea, of repeat offender risk evaluations King would have to undergo before being released from prison, and of sex offender registration and reporting requirements for up to the rest of King's life. King acknowledged that he understood each of these conditions and requirements. The trial court then advised King that he had the constitutional right to a trial by jury, to confront witnesses against him, to call his own witnesses at trial, and that the burden rested entirely on the prosecution to prove their case beyond a reasonable doubt. King acknowledged that he was giving up those rights freely, *i.e.*, without being threatened, forced, or coerced to plead guilty. After reviewing the conditions of his plea, King then admitted that he "did place his penis on the anus of the six-year-old . . . child . . . ." State Tr. 25:18–35:21.

In short, the plea record demonstrates that King was competent to proceed, that he was aware of the charges against him and the consequences of those charges, and that he understood the nature of the constitutional rights he was foregoing by entering a guilty plea. *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir. 1986), *cert. denied*, 479 U.S. 805 (1986). King's plea was manifestly voluntary and, pursuant to New York state law, resulted in the forfeiture of his challenge to the trial court's order requiring the buccal swab. *See, e.g., People v. Tehoke*, 6 A.D.3d 1173, 1174 (N.Y. App. Div. 2004) ("by pleading guilty, defendant forfeited his contention with respect to the court's alleged error in ordering the confirmatory DNA test").

*Actual Innocence*

Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 749–50 (citations omitted). A miscarriage of justice is demonstrated in such extraordinary cases as where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). If the petitioner does *not* offer any information regarding cause for the default or a miscarriage of justice, the claim should be dismissed. *See, e.g., Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994).

In the present case, King fails to demonstrate that he was innocent. He states,

> The evidence to me just don't add up to the alleged crime. No medical evidence to back up that the said crime was committed . . . . My clothes was comingled with the victim's and other people's clothes that were in the basement. I can see where and how my DNA was on the victim's clothing but what I don't understand [is] how I was charged with a sexual criminal act without proper medical evidence.

Letter (2) at 1. King notes that the medical exam of the victim did not indicate any tearing or bleeding, and that his DNA was detected only on the victim's pant leg, not inside of the victim, or on the nearby carpet or bed.

However, there is evidence in the record that King was seen with the victim, pulling up his pants, in the victim's bedroom by the victim's teenage brother. In addition, the investigator's report relates that he observed the six-year-old victim's forensic interview with a forensic interviewer at the local child advocacy center – which included anatomical diagrams and dolls – and had "no reason to believe [the victim] was lying" in the statement she gave regarding King putting his penis in her anus. SR at 19, 75–76. In other words, King has not "demonstrate[d]

that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Gupta v. United States*, 913 F.3d 81, 87 (2d Cir. 2019) (citing, *inter alia*, *Schlup v. Delo*, 513 U.S. at 327–28 (1995)).

<u>Petitioner's sentence was not harsh and excessive.</u>

King also maintains that his sentence was harsh and excessive. However, a petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977). Indeed, it is well-settled that a challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. *Mathis v. Conway*, No. 05-CV-6727 (MAT), 2009 WL 3785692, at *7–8 (W.D.N.Y. Nov. 12, 2009) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)).

King's sentence here was within the statutory range. Under New York state law, the maximum term of imprisonment permitted for a violation of criminal sexual act in the first degree, a class "B" felony, is twenty-five years. See N.Y. Penal Law § 130.50(4), § 70.80, § 70.02(3)(a). Additionally, under New York state law, the maximum permitted term of supervised release is twenty years. See N.Y. Penal Law § 70.45(2-a)(c). Thus, King's sentence of ten years of imprisonment and fifteen years supervised release for criminal sexual act in the first degree both fall within what is permitted by applicable statute and, do not present a federal constitutional issue. Therefore, King's harsh and excessive sentence claim is untenable on habeas review.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that King's application for habeas relief [ECF No. 1] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since King has not made a substantial showing of the denial of a constitutional

right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is hereby ordered to close this case.

    SO ORDERED.

Dated:    July 15, 2022
              Rochester, New York

                                  ENTER:

                                  CHARLES J. SIRAGUSA
                                  United States District Judge